### TRUSTEES OF WADSWORTHVILLE POOR SCHOOL v. ORR.

An order of the Circuit Judge withdrawing a case from the jury and continuing it until the next term of court was granted on plaintiff's motion while his second witness was on the stand, after certain documentary evidence had been offered and rejected. *Held*, that this order was within the discretion of the trial judge and was not error of law ; and this rule is not affected by the fact that this was an action to recover real property in which only two actions are allowed by law.

Before FRASER, J., Anderson, November, 1889.

This was an action by the Trustees of the Wadsworthville Poor School against James. L. Orr and others. The opinion fully states the case.

*Messrs. G. G. Wells* and *G. E. Prince*, for appellant.

*Messrs. Ferguson & Featherstone* and *W. C. Benet*, contra.

July 14, 1890. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This action was brought by plaintiffs, a corporation, against the above named defendants for the recovery of certain lands alleged to belong to plaintiff, which

18—33

were illegally in possession of the defendants.. The case was called for trial. The attorneys on both sides announced themselves ready for trial. The jury was empanelled and two witnesses were examined by plaintiff. During the examination of the second witness, the defence objected to the introduction of certain records (instead of copies, as we understand). The objection was sustained by the court, whereupon the plaintiff's attorneys announced themselves unable to go on with the trial, and asked to be allowed to withdraw the case from the jury, and have it continued. To this the defendants objected and claimed a non-suit. The motion for a non-suit was overruled, and the following order was passed: "This case having been called at the November term (1889), and plaintiff and defendants having announced themselves ready for trial, and a trial before a jury having been commenced, one witness for the plaintiffs having been examined and documentary evidence offered by plaintiff having been objected to by the defendants and ruled out. Now, on motion of attorneys for plaintiff, without the consent and against the objections of the defendants: it is ordered that the case be withdrawn from the jury and continued."

From this order the defendants appeal: "I. Because the order was based on an incorrect statement of facts, in that it states that 'one witness' had been examined for plaintiff, whereas two witnesses had been sworn and examined for plaintiff. II. Because his honor erred in allowing plaintiff to withdraw its case from the jury and have the same continued after its attorneys had announced themselves ready for trial and had proceeded with the examination of their witnesses, there being no claim or pretence of surprise as to, or mistake of, any fact adduced or proposed to be adduced on the trial. III. Because plaintiff, having announced itself unable to proceed with the trial, when certain incompetent testimony had been ruled out, his honor erred in refusing defendants' motion for a non-suit. IV. Because of the statute allowing plaintiff only two actions for the recovery of real estate, his honor erred by depriving defendants of a substantial right when he refused their motion for a non-suit. V. Because, under the facts of this case, his honor erred in. exercising a discretion in permitting the plaintiff to withdraw its case from the

jury, and in refusing the motion for a non-suit, there being no inadvertence, mistake, or surprise as to the evidence offered by plaintiff."

We think the order of Judge Fraser was clearly one of those administrative orders which, from the nature of the case, must be left to the discretion of the trial judge, who is personally present and informed of all the circumstances of the case. See *Cook* v. *Cottrell*, 4 Strob., 61; *Wilson & Co.* v. *Dean*, 21 S. C., 327; *Lowndes* v. *Miller*, 25 *Id.*, 122. In the case stated of Wilson & Co., "during the reading of a commission, it was discovered that the cross-interrogatories had not been propounded, whereupon, on objection made by the defendant and sustained, the Circuit Judge, on plaintiffs' motion, withdrew the case from the jury and ordered a continuance; *held*, that such order was within the judge's discretion, and that his discretion was properly exercised."

It is, however, urged that being an action for land, in which only two actions are allowed, makes this case exceptional—that the refusal to grant a motion for non suit deprived the defendants of a substantial right. We do not clearly see how that could affect the question of discretion. We must suppose that, in considering whether the case was a proper one for the exercise of his discretion, Judge Fraser considered all the circumstances. He did exercise his discretion, and we cannot say that in doing so he committed error of law. In reference to appeals from the class of orders involved here, it was said by Mr. Justice McIver in *Garlington* v. *Copeland*, 25 S. C., 43: "For the order to be appealable, it must not only affect a substantial right, but it must also in effect determine the action and prevent a judgment from which an appeal could be taken."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.